# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT C. JOHNSON, ) | |
| ) | Case No. 12 C 7223 |
| Plaintiff, ) | |
| ) | Judge John Z. Lee |
| v. ) | |
| ) | |
| J.V.D.B. & Associates ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert C. Johnson ("Johnson") brings this motion for summary judgment against Defendant J.V.D.B. & Associates ("J.V.D.B.") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Johnson alleges that J.V.D.B. attempted to collect a debt from him while he was in bankruptcy in violation of the FDCPA. J.V.D.B. has not responded to Johnson's motion within the deadline for doing so. For the reasons stated herein, the Court grants Johnson's motion for summary judgment as to liability.[1]

## Local Rule 56.1

Motions for summary judgment in the Northern District of Illinois are governed by Local Rule 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted) (quoting *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a

---

[1] Johnson moves for summary judgment on liability only and requests a separate damages hearing. *See* Pl.'s Mot. 1.

1

district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 537 (7th Cir. 2011) (quotation omitted).

Local Rule 56.1(b)(3)(B) requires the nonmovant to file a "concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *See* Local Rule 56.1(b)(3)(B). Local Rule 56.1(b)(3)(C) also "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005) (quoting Local Rule 56.1).

The failure of a nonmoving party to abide by the rule's requirements carries significant consequences. "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). "This rule may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

Johnson filed his motion for summary judgment on February 28, 2014. J.V.D.B.'s response was due by March 31, 2014. *See* March 3, 2014 Minute Entry (setting briefing schedule). J.V.D.B. has not filed any response to Johnson's motion for summary judgment. Because J.V.D.B. has failed to controvert the facts set forth by Johnson, all material facts set

forth in Johnson's Local Rule 56.1(a)(3) statement supported by the record are deemed admitted for the purposes of this motion. *See* Local Rule 56.1(a)(3).

**Factual Background**

Johnson was a resident of Cook County Illinois who filed a voluntary bankruptcy petition on June 28, 2012. Pl.'s LR 56.1(a)(3) Statement ¶¶ A-1, B-1.[2] J.V.D.B. is a business registered in the State of Illinois. *Id.* ¶ A-2. J.V.D.B. sent Johnson a letter dated August 13, 2012, to collect on a debt that was part of Johnson's bankruptcy. *Id.* ¶¶ B-1, B-3; Ex. A. The August 13, 2012 letter clearly stated it was "an attempt to collect a debt." *Id.* ¶ B-4; Ex. A.

J.V.D.B. had a general policy of calling a bankruptcy telephone line or bankruptcy hotline to determine if a debtor from whom it was trying to collect a debt was also in a bankruptcy proceeding involving that same debt. *Id.* ¶ C-8. Aside from placing a telephone call to the bankruptcy hotline, J.V.D.B. had no other policies or procedures in place to determine if a targeted debtor had filed for bankruptcy. *Id.* J.V.D.B. never called the bankruptcy hotline to determine whether Johnson had filed for bankruptcy before it mailed him the August 13, 2012, letter attempting to collect on his debt. *Id.* ¶ C-10; Ex. D. J.V.D.B. made no other attempts to ascertain the status of John's debt in order to prevent collecting the debt in violation of the FDCPA. *Id.*

**Discussion**

Summary judgment is proper for cases in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has sufficiently

---

[2] Johnson references bankruptcy case "ILNB Case No. 12-26090." Pl.'s LR 56.1(a)(3) Statement ¶ A-1 n.1.

demonstrated the absence of a genuine issue of material fact, the nonmovant must then set forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Id.* at 321–22.

The FDCPA is a strict liability statute and "proof of one violation is sufficient to support summary judgment." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Under the FDCPA it is illegal to attempt to collect a debt from a debtor involved in bankruptcy. *See Ross v. RJM Acquisitions Funding, LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (noting that this practice "is prohibited by the Fair Debt Collection Practices Act, which so far as relates to this case prohibits a debt collector (a defined term) from making a 'false representation of the character, amount, or legal status of any debt.'") (quoting 15 U.S.C. § 1692e(2)(A)); *see also Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("a demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not"). It is undisputed that J.V.D.B. sent a letter to Johnson on August 13, 2012, attempting to collect on the debt at issue here, see Pl.'s LR 56.1(a)(3) Statement ¶ B-3–B-4; Ex. A, and it is also undisputed that as of August 13, 2012, Johnson was involved in bankruptcy proceedings which partially concerned this debt, see id. ¶ B-1. J.V.D.B. is therefore strictly liable under the FDCPA.

J.V.D.B. raises the "bona fide" error defense in its Answer. *See* Answer to Compl., Affirmative Defenses ¶ 2. Under the FDCPA a debt collector "may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

But J.V.D.B. has not marshalled any evidence concerning unintentionality nor any good faith error. Moreover, it is undisputed that J.V.D.B. had no other policies or procedures in place other than to place a call to a bankruptcy hotline, a procedure that J.V.D.B. did not follow rigorously. A single phone call to a bankruptcy hotline undertaken inconsistently does not strike the court as "reasonable" procedure within the context of the FDCPA. *See Ross*, 480 F.3d at 497 (finding "reasonable" "computerized search of bankruptcies" with additional "procedures in place to minimize errors" such as requiring companies selling debts to screen for bankruptcy, a third-party conducted bankruptcy search, contractual promises for notification, and prompt cessation upon discovery of attempted collection on a discharged debt).

It is undisputed that J.V.D.B. mailed a letter to Johnson attempting to collect a debt while Johnson was in bankruptcy. It is also undisputed that J.V.D.B. did not unintentionally attempt to collect the debt and did not make a bona fide error in sending the debt collection letter to Johnson. The uncontroverted facts demonstrate that Johnson is entitled to summary judgment against J.V.D.B. under the FDCPA.

## Conclusion

For the reasons stated herein, the Court grants Plaintiff Robert C. Johnson's motion for summary judgment on liability [35]. Judgment is entered against Defendant J.V.D.B. & Associates.

**SO ORDERED**　　　　　　　　　　　　　　**ENTER: 9/26/14**

**JOHN Z. LEE**
**United States District Judge**