# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Robert C. Johnson, <br><br> Plaintiff, <br><br> v. <br><br> J.V.D.B. & Associates, <br><br> Defendant. | Case No. 1:12-cv-07223 <br><br> **PLAINTIFF'S MOTION FOR JUDGMENT** |

Now comes Plaintiff, by and through counsel, pursuant to the Court's Order dated October 22, 2104, and respectfully moves this Court to enter judgment against Defendant in the amount of $15,600. Plaintiff is entitled to the requested relief pursuant to the Summary Judgment Motion that that was granted September 26, 2014 and the provision of the Fair Debt Collection Practices Act, specifically 15 U.S.C. 1692k(a)(3). *See Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991). Further reasons in support of this Motion are included in the attached Memorandum in Support.

Respectfully submitted,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, LLC
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 1.312.242.1849
Fax: 1.312.242.1841
Richard@meierllc.com
*Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

I- INTRODUCTION

On September 10, 2012, Plaintiff initiated this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"). After more than 2 years of motion practice and discovery, this Court entered Summary Judgment in favor of Plaintiff, and directed Plaintiff to file a motion for judgment to establish damages. Accordingly, Plaintiff now asks this Court to enter Judgment against Defendant in the amount of $15,600, which represents the $1,000 of statutory damages under the FDCPA, along with Plaintiff's reasonable attorneys' fees and costs.

II- LAW AND ARGUMENT

**A- Statutory Damages Under the Fair Debt Collection Practices Act**

Under the FDCPA, a successful plaintiff is entitled to recover statutory damages up to $1,000. 15 U.S.C. § 1692k. In the case at hand, on September 26, 2014, Plaintiff succeeded in his claims against Defendant when this Court granted Plaintiff's Motion for Summary Judgment. Accordingly, Plaintiff is entitled to an award of $1,000 in statutory damages for the violations of the FDCPA, and respectfully requests the same.

**B- Reasonable Attorney Fees' and Costs**

In any successful action to enforce the FDCPA, the prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). The statutory language of the Fair Debt Collection Practices Act ("FDCPA") mandates an award of reasonable attorney fees and costs to a successful plaintiff. *Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008); *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991. In light of the "structure of the section, attorney's fees should not be construed as a special or

discretionary remedy" but are in addition to and separate from any damages otherwise awarded to the plaintiff. *Id*. The FDCPA mandate is "a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorney generals." *Camacho*, 523 F.3d at 978; *Tolentino,* 46 F.3d at 645, 651 (7th Cir. 1991); *Graziano*, 950 F.2d at 113.

Plaintiff's reasonable attorneys' fees and costs are determined using the "lodestar" method, which is applicable in all situations where Congress authorized the award of attorney's fees to a prevailing party. *See Hensley*, 461 U.S. 424 (1983).[1] In the case at hand, Plaintiff's attorneys expended 47 hours during the 2-year course of this action.[2] This amount of time is reasonable. The hourly rate charged are consistent with those charged by other attorneys and staff of similar skill and experience;[3] thus, it is the correct hourly rate to be used in the lodestar calculation for this matter. *See e.g. Blum v. Stenson*, 465 U.S. 886, 895-96 (1984). Therefore, the lodestar calculation for the time spent by Plaintiff's attorneys and their staff is $14,100.00.[4] Additionally, during the course of this action, Plaintiff incurred $500.00[5] in reasonable litigation costs and expenses, which are recoverable under the FDCPA. 15 U.S.C. §1692k(a)(3).

---

[1] The United States Supreme Court explained the lodestar calculation as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In applying the lodestar method, the court must consider: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the plaintiff's attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 433.
[2] See Summary of Legal Services Provided, attached as Exhibit A.
[3] See Declaration of Richard J. Meier, attached as Exhibit B.
[4] See Summary of Legal Services Provided, attached as Exhibit A.
[5] The litigation costs of $500.00 include the filing fee of $350 and $150 in service costs for attempting service on both defendants at two different locations.

Accordingly, Plaintiff respectfully moves the Court for and award of $14,600.00 in reasonable attorneys' fees and costs.

Plaintiff's attorneys' fees and costs should not be adjusted based on Plaintiff's recovery; they must be awarded independently of any other damages awarded to a plaintiff. *See Camacho*, 523 F.3d at 978; *see also Tolentino* at 651-52. The U.S. Supreme Court held that "[t]he statute and legislative history establish that `reasonable fees' under lodestar… are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum*, 465 U.S. at 895. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Camacho*, 523 F.3d at 981; *see also Tolentino*, 46 F.3d at 652-53. By ensuring that competitive rates are awarded under fee-shifting statutes "we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated," and Congress' intent followed. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3rd Cir. 1988). Accordingly, this Court should award Plaintiff the full amount of his reasonable attorneys' fees, per the lodestar calculation, without any reduction.

III- <u>CONCLUSION</u>

Pursuant to Defendant's violations of the Fair debt Collection Practices Act and the resulting summary judgment, Plaintiff is entitled to $1,000.00 in statutory damages. Under the FDCPA, successful claimants also have a right to recover the amount of reasonable attorneys' fees and costs incurred in bringing the action. 15 U.S.C. 1692k. Therefore, Plaintiff is entitled to recover his reasonable attorneys' fees incurred in this action amount to $14,100.00, and $500.00

4

in costs and litigation expenses. Accordingly, Plaintiff respectfully requests that this Court award $15,600.00 in this matter.

> Respectfully submitted,
>
> Meier LLC
>
> By: */s/ Richard J. Meier*
> Richard J. Meier, LLC
> 53 W. Jackson Blvd, Suite 304
> Chicago, IL 60604
> Tel:  1.312.242.1849
> Fax: 1.312.242.1841
> Richard@meierllc.com
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 3, 2014, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served through Certified U.S. Mail.

Law Offices of Paul Lawent
80 Essex Road
Elk Grove Village, IL 60007

J.V.D.B. & Associates
2585 Millenium Drive, Suite D
Elgin, IL 60124

*/s/ Richard J. Meier*